### STATE *v.* SAMUEL TAYLOR.

Under the statute requiring "every planter to make a sufficient fence about his cleared ground under cultivation," &c., it is not the intention of the Legislature to visit with pains and penalties mere hirelings and laborers on farms who work by direction of their employers, and have no discretion to originate plans of their own or to change those of their employers.

Nor does the act include a simple employee, with no more discretion as to the management of the farm than is usually vested in those persons whom planters designate as "foremen," whose office is to keep things moving in the direction indicated by the employer; and the fact that such employee receives his wages out of the crop does not change the principle, for that with farmers is a common mode of paying their hands.

CRIMINAL ACTION, tried before *Watts, J.,* at Spring Term, 1873, of CHOWAN Superior Court.

The defendant was indicted for keeping an insufficient fence around his cultivated grounds during crop season, and upon the special verdict returned by the jury, His Honor was of opinion that the interest of the defendant in the crop made him criminally responsible for the condition of the fence, and gave judgment accordingly against him. Defendant appealed.

The rest of the facts are sufficiently stated in the opinion of the Court.

*Attorney General Hargrove,* for the State.
*Gilliam & Pruden,* for the defendant.

SETTLE, J. The defendant being indicted for keeping an insufficient fence around his cultivated grounds during crop season, the jury returned a verdict as follows : "That Edward Wood, now deceased, was the owner of a large plantation in Chowan in 1872, of which the defendant was his manager; that Mr. Wood directed the management and culture of the crop, and in what proportion the crops should be planted ; that he employed and paid for all the labor, and furnished all the teams, implements and forage; that

the crops were all shipped and sold by him, and the defendant received as wages one-sixth of the net profits; that the fence was in two places less than five feet high."

Upon these facts, his Honor being of opinion that the defendant was guilty, gave judgment against him.

In this we think there was error. The Rev. Code, chap. 48, sec. 1, requires "every *planter* to make a sufficient fence about his cleared ground, under cultivation," &c., and by chap. 34, sec. 41, "*all persons* neglecting to keep and repair their fences during crop time in the manner required by law shall be deemed guilty of a misdemeanor." The description, "every planter," in the first recited act, and "all persons," in the second, refers to and embraces the same class of persons, and however extensive that class may be, we do not think that it was the intention of the Legislature to visit with pains and penalties mere hirelings and laborers on farms, who work by direction of their employers, and have no discretion to originate plans of their own, or to change those of their employers. The special verdict, it is true, states that the defendant was the manager of the plantation, but it goes on with a recital of facts which explain his relation to the owner (Wood), and make him a simple employee, with no more discretion as to the management of the farm than is usually vested in those persons whom planters designate as "foremen," and whose office seems to be to keep things moving in the direction indicated by the employer.

Had he in fact been the real manager or overseer, with discretion to employ the labor furnished in fencing, ditching or otherwise improving the farm, he would have been liable to indictment, but since Wood furnished everything and directed the management and culture of the crops, and the proportion in which they should be planted, the defendant was not authorized to divert that labor to fencing or to anything else which was not directed by his employer.

The fact that the defendant received his wages out of the crop does not change the principle, for that with farmers is a common mode of paying their hands.

We have examined *State* v. *Bell*, 3 Ired. 506, cited by the Attorney General, and find nothing in conflict with the view here expressed.

There is error. This will be certified, &c.

PER CURIAM.                                                    Reversed.